**Israel ROGERS, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Cab Associates, Local Union 731, Defendants–Appellees.**

**Docket No. 00–9313.**

United States Court of Appeals, Second Circuit.

April 3, 2001.

Israel Rogers, pro se.

Richard Schoolman, New York City Transit Authority, Brooklyn, NY, for appellee New York City Transit Authority.

Jonah C. Grill, Tunstead, Schechter & Torre, Jericho, NY, for appellee Cab Construction Company.

Judith Laudati, Bisceglie & Friedman, Newark, NJ, for appellee Local Union 731.

Present CARDAMONE, PARKER, CUDAHY,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff Appellant Israel Rogers appeals from a September 15, 2000 judgment of the district court entered upon an August 31, 2000 order granting summary judgment in favor of New York City Transit Authority, CAB Construction Company ("CAB"), and the Excavating and Common Laborers Union, Local Union 731.

Plaintiff filed an action under 42 U.S.C. § 1983 in July 1997, alleging that his employment with CAB had been terminated by CAB without notice or hearing and on account of his race. The Defendants moved for summary judgement, arguing among other things that Rogers's action should be dismissed because the Defendants' alleged discriminatory actions were not under color of state law within the meaning of § 1983. On August 28, 1998, the Honorable Henry Pitman, United States Magistrate Judge, submitted a Report and Recommendation in which he concluded that CAB and Local 731 were not acting under color of state law, that nothing in the relationship between CAB, Local 731 and NYCTA suggests state action, and that NYCTA had no part in the termination of Rogers's employment. The district court adopted these conclusions in an order dated August 28, 1998, and dismissed Rogers's complaint.

On February 2, 2000, this Court vacated that order on the ground that the district court did not give Rogers adequate notice concerning the "nature and consequences" of a summary judgment motion as required by our holding in *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999). On remand, the district court provided the appropriate notice in an order dated May 23, 2000.

On August 16, 2000, after the appropriate notice was given, Rogers submitted additional documents intended to defeat the motion. In an order dated August 29, 2000, the district court determined that Rogers's additional submissions had not raised any material issue of fact that would cast doubt on Magistrate Judge Pitman's recommendations, and granted summary judgment in favor of Defendants Appellees.

We affirm for substantially the same reasons as set forth in Magistrate Judge Pitman's August 28, 1998 report and recommendation and the district court's orders of September 28, 1998 and August 29, 2000.

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

* The Honorable Richard J. Cudahy, United States Court of Appeals for the Seventh Circuit, sitting by designation.